# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

|  |  |  |
|---|---|---|
| **VOLKSWAGEN AG, AUDI AG, and** | ) | |
| **VOLKSWAGEN GROUP OF AMERICA, INC.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:17-cv-01413-TSE-JFA** |
| | ) | |
| **UNINCORPORATED ASSOCIATIONS, et al.,** | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## FIRST AMENDED VERIFIED COMPLAINT

Plaintiffs Volkswagen AG, Volkswagen Group of America, Inc., and Audi AG, (collectively "Plaintiffs" or "Volkswagen and Audi"), by counsel, allege as follows for their First Amended Verified Complaint against Defendants Guang Yao Zhou, 文锋 吴, Shaohuan Ma, Songcao Guo, 琳 林, Xiaoquan Ma, 远 陈, 虎 余, 坤 倪, 建安 龙, Guiqing Ning, 长梅 穆, Yu Liu, Sui Sheng Lin, Jingwen Feng, Jesse Yi, Dongjie Liu, 斌杰 陈, Zhixiang Xiao, 四女 陈, Bing Wu, Zengqiang Xie, 海威 余, Rong Xie, Junlan Li, Xizhi Xie, Songqiang Guo, 庆 李, Xinghe Lian, 琳 李, Jacob Park, 彩侠 齐, Liqiong Zou, 勇强王, Bing Zhang, 绍仪吴, Huarong Xie, Weiguo Zang, 灵燕 刘, 扬江 李, 凯 冯, Haikuo Li, Sufen Tang, 梦诗 邵, 凤梅 章, Yinping Qin, 瑜 杨, 光熙 黄 (collectively, "Defendants").

## NATURE OF THE SUIT

1.      Volkswagen and Audi file this action to combat online counterfeiters who trade upon their world-renowned reputations by selling unauthorized and unlicensed counterfeit products using counterfeit versions of Volkswagen's and Audi's federally-registered trademarks (the "Counterfeit Volkswagen and Audi Products"). Defendants create hundreds of eBay auctions and design them to appear as selling genuine Volkswagen and Audi products, while instead selling Counterfeit Volkswagen and Audi Products to unknowing consumers. Defendants then attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their counterfeiting operation. Volkswagen and Audi are forced to file this action to combat Defendants' counterfeiting of their registered trademarks, as well as to protect unknowing consumers from purchasing Counterfeit Volkswagen and Audi Products over the Internet. Volkswagen and Audi have been, and continue to be, irreparably damaged through consumer confusion, dilution, and tarnishment of their valuable trademarks as a result of Defendants' willful actions and seek injunctive and monetary relief.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., 28 U.S.C. § 1338(a)-(b), 28 U.S.C. § 1331, and 28 U.S.C. §1121.

3.      Plaintiffs' claims against Defendants for counterfeiting, trademark infringement, false designation of origin, and trademark dilution are based on Defendants' misuse of Volkswagen's and Audi's trademarks to market and sell Counterfeit Volkswagen and Audi Products, Defendant's sale and shipment of such Counterfeit Volkswagen and Audi Products to

2

consumers in this District, and, on information and belief, Defendants' use of instrumentalities in the district to promote and sell Counterfeit Volkswagen and Audi Products including through use of online marketplaces, such as eBay.

4. The Court has *in personam* jurisdiction over the Defendants because Plaintiffs' claims against the Defendants for counterfeiting, trademark infringement, false designation of origin, and trademark dilution are based on the Defendants' misuse of Plaintiffs' trademarks to market and sell Counterfeit Volkswagen and Audi Products, Defendants' sale and shipment of such Counterfeit Volkswagen and Audi Products to consumers in this district, and, on information and belief, Defendants' use of instrumentalities in the district to promote and sell Counterfeit Volkswagen and Audi Products.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Virginia and this District, through at least the Online Marketplace Accounts/Internet Stores identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are seeking to do business with this District's residents by operating one or more commercial, Defendant Internet Stores through which Virginia residents can purchase products using counterfeit versions of Plaintiffs' trademarks. Each of the Defendants has targeted sales from Virginia residents by operating online stores that offer shipping to the United States, including Virginia and this District, and accept payment in U.S. dollars. Plaintiffs confirmed that Defendants ship their Counterfeit Volkswagen and Audi Products to this District via test purchases made by Plaintiffs' investigators. On information and belief, Defendants have sold additional products beyond those purchased by Plaintiffs' investigators bearing counterfeit

versions of Plaintiffs' federally registered trademarks to residents of Virginia. Each of the Defendants is committing tortious acts in Virginia, is engaging in interstate commerce, and has wrongfully caused Plaintiffs substantial injury in the State of Virginia.

6.     Joinder of the Defendants is proper under Fed. R. Civ. P. 20(a)(2) in that the claims set forth herein arise out of the same series of transactions and the same questions of law are common to all of the Defendants.

## PARTIES

**Plaintiffs**

7.     Audi AG ("Audi") is a corporation organized under the laws of Germany with its principal place of business in Ingolstadt, Germany.

8.     Volkswagen AG ("Volkswagen") is a corporation organized under the laws of Germany with its principal place of business in Wolfsburg, Germany.

9.     Volkswagen Group of America, Inc. is a New Jersey corporation with its principal place of business in Herndon, Virginia.

10.     Under agreement with Audi AG and Volkswagen AG, Volkswagen Group of America, Inc. polices and enforces Audi AG's and Volkswagen AG's trademarks in the United States.

11.     Volkswagen and Audi are both world-famous automobile manufactures that sell Volkswagen and Audi automobiles, genuine parts, and accessories ("Volkswagen and Audi Products") through a network of licensed Volkswagen and Audi dealerships throughout the United States. The distinctive trademarks of Volkswagen and Audi symbolize each brand's marketability, reputation, and goodwill. For example, it was noted that there is a "close

emotional bond between the Volkswagen brand, its customers and [Volkswagen's] products."[1] Audi's products evoke a similar emotional reaction among consumers. The magazine *Fast Company* concluded that "Audi drivers are the most attached and personally connected to their car brand."[2] And Interbrand, a global consulting firm, recently ranked both Volkswagen and Audi 38th and 40th respectively on a list of the most recognizable global brands.[3] Volkswagen and Audi have achieved this level of recognition through their philosophy of manufacturing competence, innovation, and quality.

### Volkswagen

12.     Volkswagen incorporates a variety of distinctive trademarks in the design of its vehicles, vehicle parts, and vehicle accessories. Volkswagen uses its trademarks in connection with the marketing of VW vehicles, accessories, parts, and services. Volkswagen is the owner of numerous federally-registered trademarks for automobiles, parts, accessories, and a long list of related services and merchandise, including the following representative sample, collectively referred to as the "VW Trademarks":

| Registration No. | Mark | Reg. Date | Date of First Use in Commerce | Relevant Goods/Services |
|---|---|---|---|---|
| 0653695 | VW | October 29, 1957 | 44(E) | Automobiles and accessories for automobiles |

---

[1] *See* Press Release, "New Volkswagen campaign puts the focus on people," https://www.volkswagen-media-services.com/en/detailpage/-/detail/New-Volkswagen-campaign-puts-the-focus-on-people/view/3154886/7a5bbec13158edd433c6630f5ac445da (2016)

[2] *See* Rae Ann Fera, "Audi Drivers Are More Attached To Their Car Than Anyone Else," https://www.fastcompany.com/3038819/audi-drivers-are-the-most-attached-to-their-cars-according-to-brand-dependence-index (2014)

[3] *See* Interbrand.com, http://interbrand.com/best-brands/best-global-brands/2016/ranking/ (last visited August 28, 2017)

| 2100963 |  | September 30, 1997 | March 1, 1995 | Automobiles and structural parts therefor, namely, . . . hub caps. . . |
| 2818615 | VW | March 2, 2004 | 44(E) | Automobiles . . .wheel hubs . . . hub caps . . . |
| 2849974 |  | June 8, 2004 | 44(E) | Automobiles . . .wheel hubs . . .hub caps . . . hubs for vehicle wheels . . . |
| 2987620 |  | August 23, 2005 | 66A | Automobiles . ... wheel hubs . . . hub cabs. . . hubs for vehicle wheels |
| 2992649 | VW | September 6, 2005 | 66A | Automobiles. . . structural and replacement parts |

13.     The VW Trademarks have been used exclusively and continuously by Volkswagen for over 50 years, and have never been abandoned. The above U.S. registrations for the VW Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. True and correct "status" copies of these registrations, obtained from the Trademark Status Document Retrieval (TSDR) database of the United States Patent and Trademark Office are attached hereto as **Exhibit 1**. The registrations for the VW Trademarks constitute *prima facie* evidence of their validity and of Volkswagen's exclusive right to use the VW Trademarks pursuant to 15 U.S.C. § 1057(b).

14.     Of the thousands of parts incorporated in Volkswagen vehicles, few parts have come to symbolize the brand as much as Volkswagen's distinctive center wheel caps ("VW Center Caps"). An example of a genuine center cap for a Volkswagen JETTA is shown below.[4]



15.     Nearly every Volkswagen vehicle features a VW Center Cap prominently displaying the Volkswagen VW mark. And the VW Center Caps play a pivotal role in the unique design and branding of Volkswagen vehicles because they prominently feature Volkswagen's world-renowned Volkswagen VW mark and are highly visible from the outside of the vehicle.

16.     Volkswagen has spent hundreds of millions of dollars and has expended significant effort in advertising, promoting, and developing its trademarks and trade dress, including without limitation the distinctive and famous Volkswagen VW mark throughout the world. As a result of such advertising and expenditures, and significant sales of Volkswagen products in the U.S. and worldwide, the VW Trademarks are world famous, and associated by the consuming public exclusively with Volkswagen.

---

[4] *See* https://parts.vw.com/p/Volkswagen_2016_Jetta/Alloy-Wheel-Center-Cap/63619833/3B7601171XRW.html (visited August 28, 2017)

17.     The VW Trademarks perform an important source-identifying function as applied to parts and accessories relating to automobiles, signifying to the purchaser that the products come from Volkswagen and are manufactured to Volkswagen's high-quality standards. Volkswagen has established considerable goodwill in its trademarks and trade dress; the goodwill associated with the VW Trademarks is of incalculable and inestimable value to Volkswagen.

### Audi

18.     Audi similarly incorporates a variety of distinctive marks in the design of its vehicles, vehicle parts, and vehicle accessories. Audi uses its trademarks in connection with the marketing of Audi vehicles, accessories, parts, and services. Audi is the owner of numerous federally-registered trademarks for automobiles, parts, accessories, and a long list of related services and merchandise, including the following representative sample, collectively referred to as the "Audi Trademarks":

| Registration No. | Mark | Reg. Date | Date of First Use in Commerce | Relevant Goods/Services |
|---|---|---|---|---|
| 0906525 |  | January 26, 1972 | June 1955 | Automobiles, wheel caps |
| 3007305 |  | October 18, 2005 | December 31, 1970 | Automobile wheels |
| 3201037 |  | January 23, 2007 | January 22, 1936 | Automobiles and structural parts therefor |
| 0708352 | AUDI | December 13, 1960 | 44(E) | Automobiles and structural parts thereof |

| Registration No. | Mark | Reg. Date | Date of First Use in Commerce | Relevant Goods/Services |
|---|---|---|---|---|
| 2083439 |  | July 29, 1997 | April 1995 | Automobiles and structural parts therefor |
| 4284786 |  | February 5, 2013 | 44(E) | Vehicles and their structural parts |

19.     The Audi Trademarks have been used exclusively and continuously by Audi for decades, and have never been abandoned. The above U.S. registrations for the Audi Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. True and correct status copies of these registrations, obtained from the TSDR database of  the  United States Patent and Trademark Office for the above-listed Audi Trademarks are attached hereto as **Exhibit 2**. The registrations for the Audi Trademarks constitute *prima facie* evidence of their validity and of Audi's exclusive right to use the Audi Trademarks pursuant to 15 U.S.C. § 1057(b).

20.     Similar to Volkswagen vehicles, few parts have come to symbolize Audi's brand as much as Audi's distinctive center wheel caps ("Audi Center Caps"). An example of a genuine center cap for an Audi A4 is shown below:



21.     Nearly every Audi vehicle features an Audi Center Cap prominently displaying the Audi Four Rings mark. And the Audi Center Caps play a pivotal role in the unique design and branding of Audi vehicles because they prominently feature Audi's world-renowned Audi Four Rings mark and are highly visible from the outside of the vehicle.

22.     Like Volkswagen, Audi has also spent hundreds of millions of dollars and has expended significant effort in advertising, promoting, and developing its trademarks and trade dress, including without limitation the distinctive and famous Audi Four Rings mark throughout the world. As a result of such advertising and expenditures, and significant sales of Volkswagen products in the U.S. and worldwide, the Audi Trademarks are world famous and associated by the consuming public exclusively with Audi.

23.     The Audi Trademarks perform an important source-identifying function as applied to parts and accessories relating to automobiles, signifying to the purchaser that the products come from Audi and are manufactured to Audi's high-quality standards. Audi has established considerable goodwill in its trademarks and trade dress; the goodwill associated with the Audi Trademarks is of incalculable and inestimable value to Audi.

24.     Herein after the term "Plaintiffs' Trademarks" shall refer to, collectively, the Audi Trademarks and the Volkswagen Trademarks.

**The Defendants**

25.     Defendants are individuals and business entities who conduct business throughout the United States, including within the State of Virginia and this Judicial District, through the operation of online marketplaces, such as eBay. Each Defendant targets the United States, including Virginia, and has offered to sell and, on information and belief, has sold and continues to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps to consumers within the United States, including the State of Virginia and this District.

26.     Defendant 文锋 吴 is an individual who, on information and belief, resides at 成都旭科达商贸有限公司 武侯区盛世路10号 成都市 四川省, 610041 China, and uses the email address xukeda_pp@outlook.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

27.     Defendant Guang Yao Zhou is an individual who, on information and belief, resides at 704 B-3, Hui Zhan Xi An Xin gang dong Road Guangzhou Guangdong Province, 510308 China, and uses the email address tczhou524@yahoo.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

28.     Defendant Shaohuan Ma is an individual who, on information and belief, resides at 宛城区天冠大道325号 南阳市 河南省, 139052 China, and uses the email address mashaohuan5858@126.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

29.    Defendant Songcao Guo is an individual who, on information and belief, resides at 南阳市 南阳市 河南省, 139052 China, and uses the email addresses qianggang8567@sina.com and songcao525@163.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

30.    Defendant 琳 林 is an individual who, on information and belief, resides at No.3 Zhouchengshanzhuang,Wenhua Rd,Dinghai Dist Zhoushan 浙江省, 316000 China, and uses the email address linlin_nb2013@163.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

31.    Defendant Xiaoquan Ma is an individual who, on information and belief, resides at镇平县工业园区56号 南阳市 河南省, 139052 China, and uses the email address maping4859@126.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

32.    Defendant 远 陈 is an individual who, on information and belief, resides at Chengguanzhengongyelu 镇平县 河南省, 474250 China, and uses the email address fzo9025834@yeah.net, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

33.    Defendant 虎 余 is an individual who, on information and belief, resides at 宝安区沙井街道南环路学府雅苑 深圳 Guangdong Province, 518000 China, and uses the email address yuhu201601@outlook.com, among others, to sell Counterfeit VW Center Caps and

Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

34.     Defendant 坤 倪 is an individual who, on information and belief, resides at 新津县文井乡玉龙村9组11号 成都 Sichuan Province, 610000 China, and uses the email address nikunpz@sina.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

35.     Defendant 建安 龙 is an individual who, on information and belief, resides at 端州区建设二路豪江明庭 C2 栋 602室 肇庆 Guangdong Province, 526040 China, and uses the email address 3296849110@qq.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

36.     Defendant Guiqing Ning is an individual who, on information and belief, resides at 镇平县泰山路189号 南阳市 河南省, 474200 China, and uses the email address ningningyymm@163.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

37.     Defendant 长梅 穆 is an individual who, on information and belief, resides at 海州区新坝镇泊阳花园28号 连云港市 Jiangsu Province, 139052 China, and uses the email address vg78cg@163.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

38.     Defendant Yu Liu is an individual who, on information and belief, resides at 抚琴西路216号佳苑12号 成都 Sichuan Province, 610031 China, and uses the email addresses yuliu_82@163.com and yuliu_82@hotmail.com, among others, to sell Counterfeit VW Center

Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

39.      Defendant Sui Sheng Lin is an individual who, on information and belief, resides at Room 602 xi niu Road No 36 yue xiu guang zhou Guangdong Province, 510075 China, and uses the email address ouyangvincent@hotmail.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

40.      Defendant Jingwen Feng is an individual who, on information and belief, resides at Xi Si Huan Bei Lu #146 Hai Dian District Beijing Municipality, 100142 China, and uses the email address fengjingwen@126.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

41.      Defendant Jesse Yi is an individual who, on information and belief, resides at 白云区龙归镇柏塘工业区 广州市 Guangdong Province, 510440 China, and uses the email address kmautoparts988@hotmail.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

42.      Defendant Dongjie Liu is an individual who, on information and belief, resides at 南阳市信臣西路857号 南阳市 河南省, 474208 China, and uses the email address liudongjie25852@163.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

43.      Defendant 斌杰 陈 is an individual who, on information and belief, resides at 鄞州区东裕路39号金色珑庭 宁波市 Zhejiang Province, 315000 China, and uses the email

address ggchen99@foxmail.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

44.     Defendant Zhixiang Xiao is an individual who, on information and belief, resides at天河区天河路365号  天河区  广东省, 510070 China, and uses the email address xiaozhixiang2369@sina.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

45.     Defendant 四女 陈 is an individual who, on information and belief, resides at 进贤县文港镇前途东大道675号 南昌市 江西省, 331723 China, and uses the email address hyx514342868@hotmail.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

46.     Defendant Bing Wu is an individual who, on information and belief, resides at 南阳市 南阳市 河南省, 139052 China, and uses the email address biingbing852@sina.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

47.     Defendant Zengqiang Xie is an individual who, on information and belief, resides at 镇平县雪峰路中段一小后门西路南 南阳市 河南省, 139052 China, and uses the email address zengzhoushid@126.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

48.     Defendant 海威 余 is an individual who, on information and belief, resides at "瑞安市威孚贸易有限公司 瑞安市汀田镇大典下联中路390号 温州 Zhejiang Province, 325204 China, and uses the email addresses yjcool008@sina.com and yjcool0086@163.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

49.     Defendant Rong Xie is an individual who, on information and belief, resides at 河南省南阳市文化西路594号   南阳市   474200   China,   and   uses   the   email   address xierong8888@outlook.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

50.     Defendant Junlan Li is an individual who, on information and belief, resides at 镇平县建设路201号   南阳市   河南省,   139052   China,   and   uses   the   email   address junlan9638@sina.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

51.     Defendant Xizhi Xie is an individual who, on information and belief, resides at 南阳市 南阳市 河南省, 139052 China, and uses the email addresses zhizhi852471@163.com and xiexizhi89874@163.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

52.     Defendant 庆 李 is an individual who, on information and belief, resides at 博爱路83-25号201室 常州市 Jiangsu Province, 213003 China, and uses the email address yayan333@126.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

53.     Defendant Xinghe Lian is an individual who, on information and belief, resides at 南阳市理工学院68号  南阳市  河南省, 474203  China,  and  uses  the  email  addresses lianxihe789@sina.com  and  lianhexinglian@126.com,  among  others,  to  sell  Counterfeit  VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

54.     Defendant 琳 李 is an individual who, on information and belief, resides at 武侯区武青北路76号上道西城13栋1单元803 成都市  四川省, 610000 China,  and  uses  the  email addresses liusername13@gmail.com and 250923497@qq.com, among others, to sell Counterfeit VW  Center  Caps  and  Counterfeit  Audi  Center  Caps,  and  who  is,  on  information  and  belief, associated with the other Defendants.

55.     Defendant Jacob Park is an individual who, on information and belief, resides at 5665 Kennedy  Blvd,  North  Bergen,  NJ    07047  United  States,  and  uses  the  email  address jcobpark234@gmail.com,  among  others,  to  sell  Counterfeit  VW  Center  Caps  and  Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

56.     Defendant 彩侠齐 is an individual who, on information and belief, resides at 龙港区新基地小仙沟28号 葫芦岛市 Liaoning Province, 125003 China, and uses the email address fcxg56d@sina.com,  among  others,  to  sell  Counterfeit  VW  Center  Caps  and  Counterfeit  Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

57.     Defendant Liqiong Zou is an individual who, on information and belief, resides at 龙归镇柏塘工业区   广州   广东省, 510440   China,   and   uses   the   email   address kmautoparts988@hotmail.com,  among  others,  to  sell  Counterfeit  VW  Center  Caps  and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

58.     Defendant 勇强王 is an individual who, on information and belief, resides at 文峰区文峰大道东段80号院15号楼 5单元301号 安阳 河南省, 455000 China, and uses the email addresses beauty369@aliyun.com and beauty369@yahoo.cn, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

59.     Defendant Bing Zhang is an individual who, on information and belief, resides at 宛城区 建设路与仲景路交叉口西100米 南阳市 河南省, 139052 China, and uses the email address zhangbingzb218@126.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

60.     Defendant 绍仪 吴 is an individual who, on information and belief, resides at 交大路223号 成都 Sichuan Province, 610031 China, and uses the email address cdqiangyi@hotmail.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

61.     Defendant Huarong Xie is an individual who, on information and belief, resides at 南阳市信臣路51号 南阳市 Henan Province, 474300 China, and uses the email address xiehuarong856@163.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

62.     Defendant Weiguo Zang is an individual who, on information and belief, resides at 南阳市文化西路36号南阳市 Henan Province, 474200 China, and uses the email address zangweiguo8973@163.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

63.     Defendant 灵燕 刘 is an individual who, on information and belief, resides at B10-15, Qilu International Building Jinan Shandong Province, 250011 China, and uses the email address BestTouchpay@outlook.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

64.     Defendant 扬江 李 is an individual who, on information and belief, resides at 武侯区武青北路76号上道西城13栋1单元803 成都 Sichuan Province, 610000 China, and uses the email address jojo_trader08@outlook.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

65.     Defendant 凯 冯 is an individual who, on information and belief, resides at 成华区双建路60号2单元2楼 成都市 Sichuan Province, 610000 China, and uses the email address tuopu001@outlook.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

66.     Defendant Haikuo Li is an individual who, on information and belief, resides at 南阳市长江西路80号　南阳市 474209 China, and uses the email address lihaikuo9870@sina.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

67.     Defendant Sufen Tang is an individual who, on information and belief, resides at Nanyang Shi 河南省, 139052 China, and uses the email address sufen5236@163.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

68.     Defendant 梦诗 邵 is an individual who, on information and belief, resides at Room 204, Building 8,Dong Huan Yi Cun, Dong Huan Road, Suzhou Suzhou Jiangsu Province, 215021 China, and uses the email address cixisms@126.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

69.     Defendant 凤梅 章 is an individual who, on information and belief, resides at 萧 山区新塘街道塘下楼17号 杭州市 Zhejiang Province, 311203 China, and uses the email address TOMTOPA@hotmail.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

70.     Defendant Yinping Qin is an individual who, on information and belief, resides at 太平镇 枣阳市 Hubei Province, 441200 China, and uses the email address qinys1986@163.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

71.     Defendant 瑜 杨 is an individual who, on information and belief, resides at 石佛寺镇真玉天地2#606 镇平县 Henan Province, 474284 China, and uses the email address 549318970@qq.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

72.     Defendant 光熙 黄 is an individual who, on information and belief, resides at 新 华路中段 南阳镇平 Henan Province, 474250 China, and uses the email address fangqisuanle@sina.com, among others, to sell Counterfeit VW Center Caps and Counterfeit Audi Center Caps, and who is, on information and belief, associated with the other Defendants.

73.     On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products using counterfeit versions of the Plaintiffs' Trademarks in the same transaction, occurrence, or series of transactions or occurrences. Defendants each use similar or the same pictures and descriptions of the Counterfeit Volkswagen and Audi Products in their Online Marketplaces. On information and belief, Defendants also source their Counterfeit Volkswagen and Audi Products from the same manufacturer or manufacturers.

## **DEFENDANTS' UNLAWFUL CONDUCT**

74.     Unfortunately, the success of the Volkswagen and Audi brands has resulted in significant counterfeiting of vehicle parts and accessories. Consequently, Plaintiffs have instituted a worldwide anti-counterfeiting program designed to regularly investigate suspicious websites and online marketplace listings identified in proactive Internet sweeps and reported by consumers. Despite Plaintiffs' enforcement efforts online and on the ground, Defendants have persisted in creating the Defendant Internet Stores. Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and to generate nearly $500 billion in global annual online sales.[5] According to an intellectual property rights seizures statistics report issued by Homeland Security, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in fiscal year 2016 was over $1.38 billion.[6] Internet

---

[5] *See* Alanna Petroff,"The Fakes Industry is worth $461 billion," CNN.com, http://money.cnn.com/2016/04/18/news/economy/fake-purses-shoes-economy-counterfeit-trade/index.html (2016)

[6] *See* Homeland Security, "Intellectual Property Rights Seizure Statistics: Fiscal Year 2016, https://www.cbp.gov/sites/default/files/assets/documents/2017-Jan/FY%2016%20IPR%20Stats%20FINAL%201.25.pdf (2017)

websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

75.     Recently, Plaintiffs became aware of Defendants' online sales of Volkswagen and Audi Products, and strongly suspected such goods were counterfeit. These goods were priced at substantially   lower   prices   than   genuine   Volkswagen   and   Audi   Products. The goods appeared to be stamped with genuine Volkswagen and Audi product numbers, stated they were intended to fit original Volkswagen and Audi wheel rims, and included an indication that the parts were "Made in Germany."  Plaintiffs' investigator purchased Volkswagen and Audi Products from each of the Defendant Internet Stores to determine their authenticity, among other things. Copies of the eBay listings of Defendants' Counterfeit Volkswagen and Audi Product auctions are attached as **Exhibit 3**. Through these purchases, Plaintiffs also learned of each of the Defendant's email addresses and PayPal accounts, which are listed in Schedule A to this Complaint.

76.     Defendants offered to ship the goods purchased by Plaintiffs' investigator in to this Judicial District. Copies of the shipping pages for each item are attached as **Exhibit 3**.

77.      Volkswagen Group of America, Inc. has inspected the goods offered for sale by Defendants and has determined that they are counterfeit. Defendants' Counterfeit Volkswagen and Audi Products are nothing more than cheap, low quality imitations of Volkswagen's and Audi's genuine products. Further, on information and belief, these parts were not "Made in Germany" as their markings indicated, but instead in China.

78.     Defendants facilitate their sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or

wholesalers. Defendants further perpetuate the illusion of legitimacy by purporting to offer "customer service" and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the Visa®, MasterCard®, and/or PayPal® logos. Plaintiffs have not licensed or authorized Defendants to use any of the Plaintiffs' Trademarks, and none of the Defendants are authorized retailers of genuine Volkswagen and Audi Products.

79.     Defendants also deceive unknowing consumers by using Plaintiffs' Trademarks without authorization within the content, text, and/or meta tags of their websites in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Volkswagen and Audi Products. On information and belief, Defendants show Plaintiffs' Trademarks in product images while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Volkswagen and Audi Products.

80.     Further, on information and belief, Defendants have gone to great lengths to conceal their identities and often use multiple fictitious names, business names, and addresses to register and operate their network of Defendant Internet Stores. On information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

81.     In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a

lawsuit. Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. A 2012 U.S. Customs and Border Protection report on seizure statistics indicated that the Internet has fueled "explosive growth" in the number of small packages of counterfeit goods shipped through the mail and express carriers.[7]

82.     Further, counterfeiters such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiffs' enforcement efforts. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court.

83.     Defendants, without any authorization or license from Plaintiffs, have knowingly and willfully used and continue to use Plaintiffs' Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Volkswagen and Audi Products into the United States and Virginia over the Internet. The Defendant Internet Stores offer shipping to the United States, including Virginia and, on information and belief, each Defendant has sold Counterfeit Volkswagen and Audi Products into the United States, including Virginia and this District.

84.     Defendants' use of Plaintiffs' Trademarks in connection with the advertising, distribution, offering for sale, and sale of Counterfeit Volkswagen and Audi Products, including the sale of Counterfeit Volkswagen and Audi Products into the United States, including Virginia,

---

[7] *See* Homeland Security, "Intellectual Property Rights: Fiscal Year 2012 Seizure Statistics," https://www.cbp.gov/sites/default/files/documents/FY2012%20IPR%20Seizure%20Statistics_0.pdf. (2012)

is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiffs.

## COUNT I - TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

85. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 84.

86. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered Plaintiffs' Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. Plaintiffs' Trademarks are distinctive marks.

87. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of Plaintiffs' Trademarks without Plaintiffs' permission.

88. Volkswagen AG is the exclusive owner of the VW Trademarks, and Audi is the exclusive owner of the Audi Trademarks. Plaintiffs' United States Registrations for their respective Plaintiffs' Trademarks (Exhibits 1-2) are in full force and effect. Upon information and belief, Defendants have knowledge of Plaintiffs' rights in Plaintiffs' Trademarks, and are willfully infringing and intentionally using counterfeits of Plaintiffs' Trademarks. Defendants' willful, intentional, and unauthorized use of Plaintiffs' Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Volkswagen and Audi Products among the general public.

89. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

90.     Plaintiffs have no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiffs will continue to suffer irreparable harm to their reputations and the goodwill of Plaintiffs' Trademarks.

91.     The injuries and damages sustained by Plaintiffs have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Volkswagen and Audi Products.

### **COUNT II - FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

92.     Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 91.

93.     Defendants' promotion, marketing, offering for sale, and sale of Counterfeit Volkswagen and Audi Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiffs or the origin, sponsorship, or approval of Defendants' Counterfeit Volkswagen and Audi Products by Plaintiffs.

94.     By using Plaintiffs' Trademarks on the Counterfeit Volkswagen and Audi Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Volkswagen and Audi Products.

95.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Volkswagen and Audi Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

96.     Plaintiffs have no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiffs will continue to suffer irreparable harm to their reputations and the associated goodwill of the Volkswagen and Audi brands.

## COUNT III- TRADEMARK DILUTION (15 U.S.C. § 1125(C))

97.     Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 96.

98.     Plaintiffs' Trademarks have become famous and distinctive worldwide through Plaintiffs' decades of continuous and exclusive use in connection with Plaintiffs' products and services.

99.     Because Plaintiffs' products and services have gained a reputation for superior quality, durability, and performance, Plaintiffs' Trademarks have gained substantial renown.

100.    Defendants have willfully and intentionally used and continue to use Plaintiffs' Marks in connection with the advertisement, promotion, and sale of Defendants' products.

101.    Defendants' use of Plaintiffs' Trademarks has caused, and continues to cause, irreparable injury to and actual dilution of the distinctive quality of Plaintiffs' Trademarks in violation of 15 U.S.C. § 1125(c).  Defendants' wrongful use of Plaintiffs' Trademarks dilutes, blurs, tarnishes, and whittles away the distinctiveness of Plaintiffs' Trademarks.

102.    Defendants have used, and continue to use, Plaintiffs' Trademarks willfully and with the intent to dilute Plaintiffs' Trademarks, and with the intent to trade on Plaintiffs' reputation and the goodwill inherent in Plaintiffs' Trademarks.

103.    As a direct and proximate results of Defendants conduct, Plaintiffs have suffered irreparable harm to Plaintiffs' Trademarks.

104.    Unless Defendants are enjoined, Plaintiffs' Trademarks will continue to be irreparable harmed and diluted.  Plaintiffs have no adequate remedy at law that will compensate for the continued and irreparable harm they will suffer if Defendants actions are allowed to continue.

105.    Defendants have used and continue to use Plaintiffs' Trademarks, or counterfeits thereof, willfully, and with the intent to dilute Plaintiffs' Trademarks and trade on Plaintiffs' reputation and goodwill.   Accordingly, this is an exceptional case within the meaning of 15. U.S.C. § 1111(a).

106.    As a direct and proximate result of Defendants' conduct, Plaintiffs are entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of Plaintiffs' Trademarks pursuant to 15 U.S.C. §1117.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment against Defendants as follows:

A.    That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a.  using Plaintiffs' Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Volkswagen or Audi Product or is not authorized by Plaintiffs to be sold in connection with Plaintiffs' Trademarks;

    b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Volkswagen or Audi Product or any other product produced by Plaintiffs, that is not Plaintiffs' or not produced under the authorization, control, or supervision of Plaintiffs and approved by Plaintiffs for sale under Plaintiffs' Trademarks;

     c.   committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Volkswagen and Audi Products are those sold under the authorization, control or supervision of Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

     d.   further infringing Plaintiffs' Trademarks and damaging Plaintiffs' goodwill; and

     e.   manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear any Volkswagen or Audi trademark, including the Plaintiffs' Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof.

B.   Entry of an Order that, upon Plaintiffs' request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, Amazon, AliExpress, and Alibaba, web hosts, sponsored search engine or ad- word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing, and Yahoo (collectively, the "Third Party Providers") shall:

     a.   disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the Plaintiffs' Trademarks; and

     b.   disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Plaintiffs' Trademarks.

C. That Defendants account for and pay to Plaintiffs all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of Plaintiffs' Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117.

D. In the alternative, that Plaintiffs be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of Plaintiffs' Trademarks.

E. That Plaintiffs be awarded their reasonable attorneys' fees and costs.

F. Award any and all other relief that this Court deems just and proper.

Date: February 21, 2018                    Respectfully submitted,

                                            /s/ Daniel E. Yonan
                                           Daniel E. Yonan (VSB No. 46019)
                                           Monica Riva Talley (VSB No. 41840)
                                           Michael D. Specht (VSB No. 42410)
                                           Daniel S. Block (*pro hac pending*)
                                           STERNE KESSLER GOLDSTEIN & FOX, PLLC
                                           1100 New York Ave., N.W., Suite 600
                                           Washington, D.C. 20005-3934
                                           Telephone No.: (202) 371-2600
                                           Facsimile No.: (202) 371-2540
                                           dyonan@skgf.com
                                           mtalley@skgf.com
                                           mspecht@skgf.com
                                           dblock@skgf.com

                                           *Attorneys for Plaintiffs*
                                           *Volkswagen AG, Audi AG, and*
                                           *Volkswagen Group of America, Inc.*

## VERIFICATION OF FIRST AMENDED VERIFIED COMPLAINT

Dana A. Cizmadia, under penalty of perjury of the laws of the United States declares:

That she is employed by Volkswagen Group of America, Inc. as Brand Protection and Marketing Compliance Specialist; that she has read, is familiar with, and has personal knowledge of the contents of the foregoing First Amended Verified Complaint; and that the allegations thereof are true and correct or, to the extent that matters are not within her personal knowledge, that the facts stated therein have been assembled by authorized personnel, including counsel, and that she is informed that the facts stated therein are true and correct.

Executed on February 20, 2018.

Dana A. Cizmadia
Brand Protection and Marketing Compliance Specialist
VOLKSWAGEN Group of America, Inc.